UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA J. DICHIRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CV 431 JMB |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court, pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq*. The Act authorizes judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Brenda J. DiChiro's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. All matters are pending before the undersigned United States Magistrate Judge with consent of the parties, pursuant to 28 U.S.C. § 636(c). The matter is fully briefed, and for the reasons discussed below, the Commissioner's decision will be reversed and remanded.

**BACKGROUND & SUMMARY OF DECISION**

In January 2013, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff alleged a disability onset date of December 11, 2009. Because Plaintiff filed a previous application for benefits that was denied and is now final, the Social Security Administration only considered the time period from November 29, 2011.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and pursuant to Fed. R. Civ. P. 25(d) Civil Procedure is substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(Tr. 16, 55-61)[2]

Plaintiff's claims in this matter were initially denied on March 28, 2013. (Tr. 16) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 2, 2014. (Tr. at 16, 32) Plaintiff and Nancy Hughes, an impartial Vocational Expert ("VE"), testified at the hearing. On December 19, 2014, the ALJ issued a decision concluding that Plaintiff was not disabled under the Act. (Tr. 16-26) The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner in this matter. (Tr. 1-3) Plaintiff filed the instant action on March 29, 2016. (ECF No. 1) Accordingly, Plaintiff has exhausted her administrative remedies and the matter is properly before this Court. Plaintiff has been represented throughout all relevant proceedings.

Although the ultimate issue before the Court is whether substantial evidence supports the Commissioner's decision, Plaintiff presents two narrow issues for this Court's review: (1) whether, at step two, the ALJ erred in failing to find that Plaintiff had a medically determinable mental impairment of anxiety; and (2) whether the ALJ erred in failing to provide Plaintiff's medical records to consulting psychologist Thomas Spencer, Psy.D.

The ALJ's decision in this matter is generally thorough, thoughtful, organized and well-reasoned. On the basis of the existing record, however, the undersigned cannot say that the ALJ's decision adequately considered Plaintiff's history and diagnoses of anxiety. The record makes clear that the ALJ was aware of and must have considered Plaintiff's history of anxiety. Yet in making her severity findings the ALJ did not mention Plaintiff's anxiety. Arguably, the ALJ implicitly found Plaintiff's anxiety to be a non-severe impairment. Although the government may be correct that, regardless of how one characterizes Plaintiff's anxiety, she is

---

[2] "Tr." refers to the administrative record filed on behalf of the Commissioner.

2

not disabled and any error is harmless, the undersigned concludes that the matter must be remanded so that the ALJ can address this issue directly.

### ADMINISTRATIVE RECORD[3]

Plaintiff was 55 years old on the date of her administrative hearing. In her Disability Report – Adult form, Plaintiff listed the following physical and mental conditions that impaired her ability to work: (1) depression; (2) homelessness; (3) problems with people, family, and children; (4) cannot find work; (5) people will not hire her; and (6) she does not have a car.[4] (Tr. 199) In a Function Report – Adult, dated February 2, 2013, Plaintiff listed numerous limitations regarding his ability to work, often mentioning factors not directly related to physical or mental health (e.g., homelessness). Plaintiff indicated that her impairments affected the following abilities: lifting, reaching, memory, completing tasks, concentration, using hands, and getting along with others. (Tr. 240-47)

A person identified in the record as "S. Mallin," completed a Function Report Adult – Third Party, dated, February 5, 2013. (Tr. 21, 254-61) S. Mallin represented that s/he had known Plaintiff for 30 years. Like Plaintiff, S. Mallin's report often mentioned Plaintiff's homelessness as the reason she cannot perform various activities of daily living. S. Mallin represented that Plaintiff's conditions impacted her memory, concentration, and ability to get along with others. (Tr. at 259)

The record also includes medical records, including records concerning Plaintiff's

---

[3] The Court has reviewed and considered the entire administrative record. Because this case is being remanded, that record is only briefly summarized herein. Specific aspects of the record are discussed in greater detail in the Court's analysis of the issues presented for review.

[4] The record makes clear that Plaintiff's alleged homelessness and other non-medical / situational factors were a major factor for her regarding her applications for benefits. The record also indicates that Plaintiff's self-reporting of these situational factors was inconsistent, and she often contradicted details and was uncooperative with the disability process. (See, e.g., Tr. 196, 328-30)

treatment for her mental health issues, as well as various physical health issues. Those records are discussed, as necessary, below.

On December 2, 2014, the ALJ conducted a hearing on Plaintiff's applications. (Tr. 32-53) Plaintiff appeared in person, with counsel. Appearing by telephone was Nancy Hughes, an independent vocational expert ("VE").

## THE ALJ'S DECISION

In assessing whether Plaintiff was disabled, the ALJ followed the required five-step process laid out in the Commissioner's regulations. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the last determination regarding her application for benefits—November 29, 2011. (Tr. 16) At step two, the ALJ found that Plaintiff's only severe impairment was depression. (Tr. 19) The ALJ also found –

> [Plaintiff's] history of possible substance abuse, various pains in legs/limbs, alleged hearing loss, and history of rash … to be non-severe, as there is no evidence of sustained treatment and/or no indication that these [impairments] have imposed more than minimal functional limits for 12 months during the time in question.

(Tr. 19) At step two, the ALJ did not specifically mention Plaintiff's prior anxiety diagnoses and treatment. The ALJ noted, however, as follows:

> Other impairments are mentioned in the record from time to time, but they did not cause significant limitations in functioning, or did not last for a continuous period of 12 months. Any such impairment is non severe. However, any non-severe impairment has been taken into account in assessing Plaintiff's residual functional capacity.

(Id.)

At step three, the ALJ found that none of Plaintiff's impairments—whether considered alone or in combination—met or equaled a listed impairment. (Tr. 14-16) Regarding Plaintiff's

4

mental impairment, the ALJ found that Listing 12.04[5] was not met. (Tr. 19) The ALJ concluded that Plaintiff had mild difficulties in her activities of daily living, and moderate difficulties in her social functioning, and concentration, persistence or pace. The ALJ found Plaintiff had no episodes of decompensation of an extended duration. (Tr. 19)

Prior to completing step four, the ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to –

> perform a full range of work at all exertional levels but with the following nonexertional limitations: She is limited to simple work with only occasional interaction with co-workers and the general public. She retains the ability to accept supervision on a basic level.

(Tr. 20)

In making her disability determinations, the ALJ also made an adverse finding regarding Plaintiff's credibility. The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible …." (Tr. 21)

The ALJ reviewed the medical evidence, including information from Plaintiff's treating providers, as well as the results of a March 2013 psychological evaluation by consulting psychologist, Dr. Thomas Spencer, Psy.D. Although the ALJ did not specifically mention Plaintiff's anxiety as being "non-severe," she noted that, between February and April 2013, Dr. Sean Clouse, Ph.D., treated Plaintiff over five sessions and noted Plaintiff's diagnoses to include "major depressive disorder with possible generalized anxiety disorder." (Tr. 22) The ALJ also noted that Plaintiff earlier saw Dr. Abigail Cristostomo, M.D., in October 2012. Dr. Cristostomo's treatment notes indicate that "[Plaintiff] was to take Abilify for depression and Vistaril for anxiety." (Id.)

---

[5] Listing 12.04 focuses on depressive, bi-polar, and related disorders. Listing 12.06 focuses on anxiety-related disorders. See 20 C.F.R. Pt. 404, Subpt. P.; 20 C.F.R. Pt. 416, Subpt. P. The ALJ did not consider Listing 12.06.

5

At steps four and five, and based on the testimony of the VE, the ALJ concluded that, even though Plaintiff could not return to her past relevant work, there existed other jobs that Plaintiff could still perform with her RFC. Those jobs included machine feeder, cleaner II, and laundry laborer. (Tr. 24-25) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 28, 2011, through the date of the ALJ's decision. (Tr. 25)

<b><u>ANALYSIS AND DISCUSSION</u></b>

**I.      <u>Summary of Issues Presented for Review</u>**

Plaintiff contends that the ALJ made two specific errors. First, Plaintiff argues, in substance, that the ALJ erred at step two when she failed to mention and consider Plaintiff's anxiety diagnoses in assessing Plaintiff's impairments. In this regard, Plaintiff refers to medical evidence in the record concerning a specific diagnosis and treatment for anxiety, as well as various reports of symptoms and behaviors she argues demonstrate her anxiety. The government counters that a mere diagnosis does not address the issue of severity, and that the anxiety-related symptoms Plaintiff cites do not involve an actual diagnosis. The government suggests that any error is harmless because the RFC addresses Plaintiff's mental limitations. Yet the government's brief does not squarely address the fact that the ALJ never mentioned Plaintiff's anxiety diagnosis, medication, or symptoms in her severity findings.

Second, Plaintiff argues that ALJ erred in failing to provide consulting psychologist, Dr. Spencer, with Plaintiff's medical records. Plaintiff's argument suggests, but does not directly allege, that Dr. Spencer's opinion[6] is diminished as a result. Plaintiff offers no legal authority for

---

[6] Dr. Spencer opined that Plaintiff "retained the ability to understand and remember simple to moderately complex instructions, engage in and persist with simple to moderately complex tasks, with moderate impairment in her ability to interact socially and in her ability to adapt and change in the workplace." (Tr. 22) The ALJ gave significant weight to Dr. Spencer's

her contention that the ALJ erred in this regard. The government argues that no error occurred and that the ALJ complied with her duty to fully and fairly develop the record.

## II. Standard of Review and Analytical Framework

To be eligible for SSI and DIB benefits, a claimant must prove that she is disabled within the meaning of the Act. See Baker v. Sec'y of Health and Human Servs., 955 F.2d 552, 555 (8th Cir. 1992); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). Under the Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c (a)(3)(A). A claimant will be found to have a disability "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A) and 1382c(a)(3)(B). See also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

Per regulations promulgated by the Commissioner, the ALJ follows a five-step process in determining whether a claimant is disabled. "During this process the ALJ must determine: '1) whether the claimant is currently employed; 2) whether the claimant is severely impaired; 3) whether the impairment is, or is comparable to, a listed impairment; 4) whether the claimant can perform past relevant work; and if not 5) whether the claimant can perform any other kind of work.'" Andrews v. Colvin, 791 F.3d 923, 928 (8th Cir. 2015) (quoting Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006)). "If, at any point in the five-step process the claimant fails to meet the criteria, the claimant is determined not to be disabled and the process ends." Id. (citing

---

opinion. (Tr. 23)

Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005)). See also Martise v. Astrue, 641 F.3d 909, 921 (8th Cir. 2011).

The Eighth Circuit has emphasized that a district court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (quoting Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001)). The ALJ's findings should be affirmed if they are supported by "substantial evidence" on the record as a whole. See Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008); see also Wildman v. Astrue, 964 F.3d 959, 965 (8th Cir. 2010) (same).

Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision." Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998). The district court must "also take into account whatever in the record fairly detracts from that decision." Id. Specifically, in reviewing the Commissioner's decision, a district court is required to examine the entire administrative record and consider:

1. The credibility findings made by the ALJ.
2. The claimant's vocational factors.
3. The medical evidence from treating and consulting physicians.
4. The claimant's subjective complaints relating to exertional and non-exertional activities and impairments.
5. Any corroboration by third parties of the claimant's impairments.
6. The testimony of vocational experts, when required, which is based upon a proper hypothetical question which sets forth the claimant's impairment.

Stewart v. Sec'y of Health & Human Servs., 957 F.2d 581, 585-86 (8th Cir. 1992) (citation omitted).

A reviewing court should not disturb the ALJ's decision unless it falls outside the available "zone of choice" defined by the evidence of record. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. Id.; see also Chaney v. Colvin, 812 F.3d 672, 676 (8th Cir. 2016). Similarly, if the record supports inconsistent conclusions, and the ALJ's decision reflects one of those conclusions, then a reviewing court must affirm the decision. See McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

## III. Review of Issues Presented

### A. Step Two - Anxiety

The ALJ's decision in this matter is well-organized and, for the most part, supported by substantial evidence on the record as a whole. The ALJ's treatment of Plaintiff's anxiety, however, is ambiguous. As explained below, it is not entirely clear whether the ALJ thought Plaintiff's anxiety was clearly a non-severe impairment, or whether it was a severe impairment that would not last more than 12 months, or whether the ALJ overlooked the issue of anxiety, or subsumed Plaintiff's symptoms of anxiety in addressing Plaintiff's severe impairment of depression.[7]

Any fair reading of the record in this case makes clear that Plaintiff's mental health

---

[7] Plaintiff has not challenged the ALJ's adverse credibility finding. The undersigned finds the ALJ complied with the strictures of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), and there is substantial evidence in the record to support the ALJ's analysis of Plaintiff's credibility. A review of the ALJ's decision shows she discredited Plaintiff's subjective complaints for good reason and thoroughly discussed her reasons for doing so. See Julin v.Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016) (explaining that "[c]redibility determinations are the province of the ALJ" and the deference owed to such determinations); Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the [plaintiff's] testimony and gives good reasons for doing so, [the reviewing court] will normally defer to the ALJ's credibility determination").

condition represents the primary, if not sole, medical basis[8] for her alleged disability. At step two, the ALJ found Plaintiff to have a single, severe impairment—depression. The record also indicates, however, that Plaintiff received diagnoses and treatment for anxiety. The ALJ did not mention Plaintiff's anxiety at all at step two of the sequential analysis.

"The issue to be determined at step two of the sequential evaluation process is … 'whether the claimant has a severe impairment that has lasted, or expected to last, at least 12 months." Gladden v. Astrue, 2013 WL 149397 *6 (D. Neb. Jan. 14, 2013) (quoting Kluesner v. Astrue, 607 F.3d 533, 537 (8th Cir. 2010)). "An impairment ... is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416 .922(a); see also 20 C.F.R. § 416.922(b) (defining and providing examples of basic work activities). The burden of showing a severe impairment at step two of the sequential evaluation rests with the claimant, and the burden is not great. See Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001); see also Gilbert v. Apfel, 175 F.3d 602, 604-05 (8th Cir. 1999) (court to apply "cautious standard" at step 2 of evaluation process). "While '[s]everity is not an onerous requirement for the claimant to meet, but is also is not a toothless standard.'" Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (quoting Kirby v. Astrue, 500 F.3d 705, 708 (8th Cir. 2007)).

The record in this case demonstrates that Plaintiff had an impairment of anxiety. What is not clear is whether her anxiety was a severe impairment, as defined above, and if so, whether her anxiety had lasted or was expected to last at least 12 months. There is some evidence in the record to suggest that Plaintiff's anxiety had lasted at least 12 months. For example, in Plaintiff's prior adverse Disability Determination Explanation, dated November 28, 2011, Dr.

---

[8] As noted above, the administrative record includes numerous records indicating that Plaintiff's non-medical situational factors, including her alleged homelessness, were also major factors in her efforts to obtain disability benefits.

Kenneth Burstin, Ph.D., included a diagnosis of anxiety disorder in his Psychiatric Review Technique. (Tr. 59-61) While November 28, 2011, is one day before Plaintiff's effective onset date of November 29, 2011, it is at least indicative of the durational nature of her anxiety. More significantly, in October 2012, Dr. Cristostomo noted that Plaintiff was prescribed Vistaril for anxiety, and Dr. Clause, who treated Plaintiff in early 2013, included a diagnosis of "possible generalized anxiety disorder."

It is true that a failure to find an impairment severe is subject to harmless error review. See Matlock ex rel. D.S. v. Astrue, 2012 WL 409292, *11 (E.D. Mo. Sept. 19, 2012). The ambiguity as to the basis of the ALJ's decision regarding Plaintiff's anxiety makes it difficult to apply harmless review on this record. Although it may very well be that Plaintiff's RFC will not change when the ambiguity is resolved, the undersigned cannot say that Plaintiff's RFC would be the same even if the ALJ specifically addressed her anxiety in the severity analysis.

**B.     Dr. Spencer's Opinion**

As noted, Plaintiff also contends that the ALJ erred in failing to supply her medical records / history to consulting psychologist, Dr. Spencer. Although Plaintiff offers no legal support for her contention, the undersigned will not address the issue herein due to the conclusion that the matter should be remanded. The ALJ is free to consider whether or not the record requires additional development or supplementation in this regard.

**CONCLUSION**

For the reasons stated above, due to an ambiguity at step two, the Court cannot say that the Commissioner's decision is supported by substantial evidence on the record as a whole. The matter must be remanded to resolve the step two issue. This is a close question and, given the nature of the ambiguity, the Court has chosen to resolve the issue in favor of remand rather than assume that the error is harmless. The Court is mindful of the fact that the ALJ may come to a

similar conclusion concerning Plaintiff's alleged disability on remand.  See Pfitzner v. Apfel, 169 F.3d 566, 569 (8th Cir. 1999).

Accordingly,

**IT IS HEARBY ORDERED** that, the decision of the Commissioner is **REVERSED**, and this cause is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum and Order.

A separate Judgment shall be entered this day.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
United States Magistrate Judge

Dated this 28th day of June, 2017.